IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 11, 2001 Session

**ROGER RITCHIE, ET AL. v. TOMMY PITNER, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 01-70-00     Dale C. Workman, Judge**

**FILED AUGUST 13, 2001**

**No. E2000-02689-COA-R3-CV**

This lawsuit arises out of a Letter of Intent entered into between two of the various parties to this action. The Trial Court entered judgment on the issue of which party was entitled to possession of the property, but did not rule on any of the remaining claims. Because the judgment appealed from is not a final judgment for purposes of Rule 3 of the Tenn. R. App. P., we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Arthur F. Knight, III, and Samuel W. Brown, Knoxville, Tennessee for the Appellant Tommy Pitner.

John K. Harber, Knoxville, Tennessee for the Appellees Marian Enterprises, Inc., and Dr. Joseph Tabery.

# MEMORANDUM OPINION[1]

This is an appeal from a Circuit Court judgment concluding that a Letter of Intent did not operate as a lease and the property owner was, therefore, entitled to immediate possession of the property.

Mr. Roger Ritchie ("Ritchie") was the owner of property located on Clinton Highway in Knoxville. Mr. Ritchie operated an adult entertainment establishment on this property, which had apparently been closed down for nonpayment of taxes. Ritchie entered into negotiations with Mr. Tommy Pitner ("Pitner"), and these two individuals entered into the Letter of Intent concerning this business. The Letter of Intent provided, in part, that Pitner would manage the business commencing December 19, 1998. In return, Ritchie would receive $2,600.00 per month from Pitner, and Pitner would keep any additional proceeds from the ongoing operation of the business. The Letter of Intent further provided that the parties would enter into a management contract, which "contract will be for five (5) years commencing on the aforementioned date and time with a five (5) year option thereafter." Two days after the Letter of Intent was entered into, The Pink Putty Kat, LLC ("LLC") was formed to manage the property. The three members of the LLC were Pitner, Harold Lovelace ("Lovelace"), and Bob Lynch.

On August 2, 1999, Ritchie filed a detainer warrant in the Knox County General Sessions Court. Ritchie also made a claim for unpaid rent and further alleged that Pitner "has altered [the] structure; has destroyed property; has violated city\state laws continually and breached the contract in other ways." Pitner filed a counter-claim alleging, among other things, fraud, accord and satisfaction, conspiracy, breach of contract, and interference with contract. While this litigation was pending, Ritchie sold the property at issue to Marian Enterprises, Inc. ("Marian"), which intervened in the lawsuit as did Lovelace and the LLC. After the case was tried in the General Sessions Court and while the appeal was still pending in the Circuit Court, however, Lovelace and the LLC filed a counter-claim against Ritchie, Marian, and Dr. Tabery who was Marian's principal shareholder. Lovelace and the LLC sought compensatory damages, treble damages, and punitive damages. Several claims were asserted by Lovelace and the LLC, including claims for unjust enrichment and quantum meruit for alleged improvements made to the property.

---

[1] Rule 10(b) of the Rules of the Court of Appeals provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Pitner and Marian filed motions for summary judgment. Pitner's motion was denied, but Marian's was granted. In so doing, the Circuit Court entered a "Final Judgment" and concluded that the Letter of Intent did not constitute a lease and, therefore, Marian was entitled to immediate possession of the property. The Circuit Court, however, specifically stated in its judgment that it was not ruling on "any other cause of action which may be asserted between the parties, and the Court makes no ruling concerning the ownership or removal of fixtures located within the business premises."

Upon reviewing the record in its entirety after oral arguments were heard in this case, we conclude that the judgment appealed from is not a final judgment for purposes of Rule 3 of the Tenn. R. App. P, which provides in relevant part that:

> Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

No application for permission to take an interlocutory appeal was filed pursuant to Rule 9 of the Tenn. R. App. P. Likewise, there was no express direction for entry of judgment by the Trial Court or a determination that there was no just reason for delay, as set forth in Rule 54.02 of the Tenn. R. Civ. P. Since the judgment appealed from does not adjudicate all the claims, rights, and liabilities of all the parties, this appeal is dismissed and the case is remanded for further proceedings, as necessary, to resolve the remaining claims of the parties. Costs of the appeal are taxed to the Appellant, Tommy Pitner, and his surety.

_____
D. MICHAEL SWINEY, JUDGE